RALPH CROCKER

*v.*

STATE OF TENNESSEE.

(*Jackson,* April Term, 1959.)

Opinion filed May 1, 1959.

B. CLIFTON BLOW, JOHN L. WILLIAMS, Huntingdon, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is an appeal in error from a conviction of involuntary manslaughter growing out of an automobile accident in which two people were killed and resulted in the defendant below, Ralph Crocker, being sentenced to serve 11 months and 29 days in the County Jail of Gibson County.

The assignment of errors raises two questions:

Whether the indictment is duplicitious and should have been quashed because it alleges that the defendant killed two people in an automobile accident and therefore charges two offenses.

■ That the evidence preponderates against the verdict and in favor of the innocence of the accused.

The facts are that the defendant's car collided with a car being driven by Walter Crider about 9:00 P.M., March 5, 1958, resulting in the killing of two ladies in the Crider car.

Walter Crider testified that the defendant's car cut across the highway when it was meeting his car at a distance of about 50 to 100 feet and continued driving in the direction of the Crider car until the cars collided headon.

The accident occurred on the public highway between Gibson and Humboldt.

The defendant and his cousin, Gus Hayes, had been drinking throughout the afternoon and the defendant was apparently drunk at the time of the accident. After the accident the defendant was found in his automobile on the right-hand side. The left front door of the car had been strained until it would not open. Much blood was found about the front of the car.

The defendant made no denial of the fact that he was drinking; that the car belonged to him and that the accident occurred about the time and place established by the testimony of State's witnesses. His contention at first was that he was not driving the car at the time of the accident and that it was being driven by Gus Hayes, but on cross-examination he testified that he remembered nothing about the accident, could not say who was driving his car at time time of the collision.

(1) We think the evidence shows beyond question that the defendant was operating the car at the time the collision took place, and that he was in a very much intoxicated condition at the time.

From the evidence we cannot say that the evidence preponderates against the verdict of the jury.

As to the legal question involved the State contends that although two people were killed by the driving of the defendant, yet under the authority in *Smith v. State,* 159 Tenn. 674, 21 S.W.2d 400, 402, this constituted only one offense.

In *Smith v. State, supra,* it is said:

"It is well settled that if a person kills or injures two persons at the same time, but with separate blows or separate shots, he may be prosecuted and convicted for the assault committed upon each of his victims. The underlying principle is well stated in *Womack v. State,* 47 Tenn. (7 Cold), [508, 511], 512, as that, 'if the physical acts of assault and killing are distinct, and the intention to kill one is an intention formed, and existing distinct from and independently of the intention to kill the other, the two acts can not constitute a single offense of murder.' The court, in the case cited, recognized, however, that 'a single felonious act may result in the death of two individuals,' for which the offender may be indicted for the murder of one only, or may be indicted 'for a single offense of murder in the act of slaying both.'

"The rule recognized by this court in *Womack v. State, supra,* is stated in 16 Corpus Juris, 283, Criminal Law, par. 485, thus: 'Although crimes are not usually identical if committed against different persons, yet by the weight of authority where the same act or stroke results in the death of two persons an acquittal or a conviction of the murder of one bars a subsequent prosecution for the killing of the other,

because the killing is but one crime and cannot be divided.'

"In *Kannon v. State,* 78 Tenn. (10 Lea) 386, this court cited *Womack v. State, supra,* and *Fowler v. State,* 50 Tenn. (3 Heisk.) 154, for the proposition: 'An indictment against a defendant for the murder of two persons would be good upon its face, for the murder may be committed in the same degree, by one and the same act.' "

(2) In the present case the criminal intent present is an imputed disregard of the safety of all persons who might be in the way of the recklessly and unlawfully driven automobile, and no act or intent can be charged against the defendant as affecting either of the two injured individuals to the exclusion of the other. The defendant was guilty of a single unlawful act with a single criminal intent, and, therefore, can only be punished for a single offense or crime.

So then the offense charged was a felony and both individuals having been struck and died by the same act it is but one offense.

The assignment of errors are overruled and the judgment of the lower court is affirmed.